IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAQUAN MCNEIL, | § | |
| | § | No. 113, 2016 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1409006640 and |
| | § | 1409006067 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: April 13, 2016
Decided: May 23, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 23rd day of May 2016, it appears to the Court that:

(1) On March 9, 2016, the Court received the appellant's notice of appeal from his Superior Court sentence imposed on February 5, 2016. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal should have been filed on or before March 7, 2016.

(2) The Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed as untimely.[1] The appellant did not file a response to the notice to show cause. Although the Court could have deemed dismissal of this appeal to be unopposed under Rule 3(b)(2), we

---

[1] Del. Supr. Ct. R. 29(b) (2016).

instead directed the lawyer who represented the appellant in the Superior Court proceedings to file a response to the notice to show cause. Counsel filed his response on April 7, 2016, asserting that the sentencing order from which the appellant filed his *pro se* notice of appeal was imposed after the entry of a negotiated guilty plea. Counsel states that the appellant acknowledged as part of that plea that he was waiving his right to file an appeal. Thus, counsel did not file a notice of appeal on the appellant's behalf.

(3) The State filed a reply on April 13, 2016, stating that this Court lacks jurisdiction to consider the appellant's untimely appeal. We agree. Time is a jurisdictional requirement.[2] A notice of appeal *must be received* by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] Unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court personnel, his appeal cannot be considered.[4]

(4) There is no suggestion that the appellant's untimely filing in this case is attributable to court personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of

---

[2]*Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3]Del. Supr. Ct. R. 10(a) (2016).
[4]*Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

a notice of appeal. Thus, the Court concludes that the within appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the within appeal is DISMISSED.

BY THE COURT:


/s/ Karen L. Valihura
Justice